# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**ANGELA FARNSWORTH,**
**Claimant Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0814** (BOR Appeal No. 2054130)
(Claim No. 2017019434)

**MTR GAMING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Angela Farnsworth, by Counsel James T. Carey, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). MTR Gaming, by Counsel Daniel G. Murdock, filed a timely response.

The issues on appeal are permanent partial disability, medical benefits, and compensability of additional conditions. The claims administrator granted a 0% permanent partial disability award on June 27, 2017. On January 29, 2018, the claims administrator denied a thoracic MRI and a neurosurgical consultation. The claims administrator denied the addition of T6 intercostal neuralgia to the claim on May 4, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the grant of a 0% permanent partial disability award, affirmed the denial of a neurosurgical consultation, reversed the denial of a thoracic MRI and authorized the test, and affirmed the denial of the addition of T6 intercostal neuralgia to the claim in its March 19, 2019, Order. The Order was affirmed by the Board of Review on August 19, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Farnsworth, a housekeeper, injured her thoracic spine while wiping under a shelf on February 8, 2017. Treatment notes from East Liverpool City Hospital the following day indicate she reported right upper back pain and presented with decreased range of motion. Ms. Farnsworth was diagnosed with acute thoracic strain. X-rays were performed and it was noted that Ms.

1

Farnsworth had kyphosis, which was unusually advanced for her age, as well as mild degenerative changes. Ms. Farnsworth sought treatment from Theodore Chrobak, M.D., and reported thoracic pain after reaching underneath a stall. She was diagnosed with thoracic sprain/strain. On October 3, 2017, Ms. Farnsworth was diagnosed with cervical, thoracic, and lumbosacral degenerative joint disease. On September 7, 2017, a lumbar MRI showed very mild disc bulging at T11-12 causing very mild spinal canal narrowing and desiccation of the T11-12 disc. Dr. Chrobak requested authorization for a thoracic MRI. While authorization was as pending, the MRI was performed on November 30, 2017. It showed no evidence of thoracic fracture or disc herniation and minimal disc bulges at T7-8 and T11-12. A cervical MRI was also performed that day and revealed right C5-6 disc protrusion and C6-7 disc bulge with osteophytes, causing moderate left foraminal narrowing.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on June 16, 2017, in which he noted normal thoracic range of motion on examination. He diagnosed right scapula area muscle strain. For the compensable thoracic strain, Dr. Mukkamala found that Ms. Farnsworth had reached maximum medical improvement and required no further treatment. He assessed 0% impairment. Based on his evaluation, the claims administrator granted a 0% permanent partial disability award on June 27, 2017. On January 29, 2018, the claims administrator denied a thoracic MRI and a neurosurgical consultation.

In a February 8, 2018, treatment note, Brian Brocker, M.D., noted that Ms. Farnsworth reported back pain, neck pain, and occasional headaches. Dr. Brocker diagnosed disc herniations at C5-6 and C6-7, as well as T7-8 disc bulge.

Srini Govindan, M.D., performed an independent medical evaluation on March 2, 2018, in which he noted that Ms. Farnsworth reported right thoracic pain and right shoulder pain. Dr. Govindan found decreased sensation at T6 and diagnosed right T6 intercostal neuralgia. He recommended a thoracic MRI and neurosurgical consultation. He opined that Ms. Farnsworth was not at maximum medical improvement for T6 intercostal neuralgia. Dr. Govindan assessed 2% impairment for thoracic left rotation, 2% for right rotation, and 2% for intercostal neuralgia, for a total of 6% whole person impairment. The claims administrator denied the addition of T6 intercostal neuralgia to the claim on May 4, 2018.

Bill Hennessey, M.D., performed an independent medical evaluation on June 26, 2018, in which he diagnosed right thoracic sprain in the area around the right scapula. He found that no further treatment was necessary and that Ms. Farnsworth had reached maximum medical improvement.

Ms. Farnsworth testified in a July 5, 2018, deposition that she was wiping underneath a shelf when she felt a pop between her mid-back and right shoulder. She stated that at the time of her injury, she felt a lot of pain, but it was only located in her back. She returned to full duty work in July of 2017. Ms. Farnsworth testified that Dr. Hennessey did not use any measuring devices during his impairment evaluation.

In an August 23, 2018, deposition, Dr. Govindan testified that the diagnoses of intercostal neuralgia and thoracic radiculopathy are interchangeable. He stated that his diagnosis was based upon his examination findings as well as the history obtained from Ms. Farnsworth. Dr. Govindan opined that intercostal neuralgia could limit thoracic range of motion.

In an October 16, 2018, supplemental report, Dr. Mukkamala indicated that he reviewed the report by and testimony of Dr. Govindan. Dr. Mukkamala stated that during his June 15, 2017, evaluation, Ms. Farnsworth had normal thoracic range of motion. Dr. Mukkamala disagreed with Dr. Govindan's finding of a circular band of pain and sensory diminution in the thoracic area. Dr. Mukkamala stated that Dr. Govindan was the only evaluator of record to make such a finding.

In an October 29, 2018, supplemental report, Dr. Hennessey stated that he reviewed Dr. Govindan's report and deposition testimony. Dr. Hennessey opined that Ms. Farnsworth has no reported symptoms consistent with a diagnosis of intercostal neuralgia. Like Dr. Mukkamala, Dr. Hennessey also testified that no other physician of record found evidence of intercostal neuralgia.

On March 19, 2019, the Office of Judges affirmed the claims administrator's decisions denying the addition of T6 intercostal neuralgia to the claim and granting a 0% permanent partial disability award. The Office of Judges also affirmed the claims administrator's June 29, 2018, decision, insofar as it denied a neurosurgical consultation and reversed the decision insofar as it denied a thoracic MRI.

Regarding the addition of intercostal neuralgia, the Office of Judges found that Dr. Govindan was the only physician of record to diagnose the condition. The Office of Judges also determined that the condition was not supported by the medical record. Dr. Govindan opined that intercostal neuralgia at T6 would cause pain in the torso around the breast area. There is no indication in the record that Ms. Farnsworth has ever reported chest pain. Further, she testified in a deposition that at the time of her injury, she only had back pain. The Office of Judges concluded that there was no evidence to support a diagnosis of T6 intercostal neuralgia.

Regarding the requested medical treatment, the Office of Judges found that a thoracic MRI should be authorized. The MRI was requested by Dr. Chrobak, who noted that the MRI was necessary to assess Ms. Farnsworth's thoracic sprain/strain. The Office of Judges noted that authorization is no longer required for an initial MRI per West Virginia Code of State Rules § 85-20-9.10n. Because the MRI was requested to assess a compensable condition, the Office of Judges reversed the denial and retroactively authorized the initial November 30, 2017, MRI. Though the Office of Judges approved an MRI, it affirmed the denial of a neurosurgical consultation. The Office of Judges noted that West Virginia Code of State Rules § 85-20-37.5 states that the duration of care for a sprain is zero to four weeks, not to exceed eight weeks. The neurosurgical consultation was requested twelve weeks after the compensable injury occurred. The Office of Judges found that Ms. Farnsworth failed to establish that this is an extraordinary case requiring treatment outside of the guidelines.

Lastly, regarding permanent partial disability, the Office of Judges determined that Ms. Farnsworth was evaluated by three physicians. She testified that Dr. Hennessey did not use any

measuring devices during his evaluation. A review of his report shows no indication of range of motion measurements, as required by the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). His findings were therefore found to be unreliable. Dr. Govindan's findings were also found to be unreliable. He found 6% thoracic spine impairment but included the noncompensable condition of T6 intercostal neuralgia in his assessment. Further, Dr. Govindan opined that intercostal neuralgia can cause restriction in thoracic rotation. He then assessed 4% impairment for bilateral thoracic rotation restriction. Lastly, Dr. Govindan opined that Ms. Farnsworth had not reached maximum medical improvement. Therefore, an impairment rating was not supported at that time. The Office of Judges found that Dr. Mukkamala's finding of 0% permanent partial disability was reliable. Even though he diagnosed right scapular area muscle strain, Dr. Mukkamala noted the compensable condition of thoracic strain. He used proper range of motion measuring techniques in his evaluation and the Office of Judges found his assessment to be supported by the evidence of record. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 18, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The medical evidence of record does not support the addition of T6 intercostal neuralgia to the claim, the authorization of a neurosurgical consultation, or a permanent partial disability award of more than 0%. It does, however, support the authorization of the initial thoracic MRI.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4